# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| PHARMACY CORPORATION OF AMERICA d/b/a PHARMERICA; | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 4:22-cv-00940 |
| | : | |
| SMYRNA MANAGEMENT LLC d/b/a GREENBRIER HEALTH CARE CENTER; LAODICEA MANAGEMENT, LLC d/b/a ARLINGTON RESIDENCE AND REHABILITATION CENTER; SARDIS MANAGEMENT, LLC d/b/a HERITAGE OAKS HEALTH CARE CENTER; EPHESUS MANAGEMENT LLC d/b/a ARLINGTON VILLA REHABILITATION AND HEALTHCARE; and REVELATIONS HEALTH CARE GROUP, LLC; | : : : : : : : : : : : : : : : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Pharmacy Corporation of America d/b/a PharMerica ("PharMerica"), states as follows for its Complaint against Defendants Smyrna Management LLC d/b/a Greenbrier Health Care Center ("Greenbrier"), Laodicea Management, LLC d/b/a Arlington Residence and Rehabilitation Center ("Arlington"), Sardis Management, LLC d/b/a Heritage Oaks Health Care Center ("Heritage Oaks"), Ephesus Management, LLC d/b/a Arlington Villa Rehabilitation and Healthcare ("Arlington Villa") (collectively Greenbrier, Arlington, Heritage Oaks, and Arlington

ORIGINAL COMPLAINT

Villa are the "Facility Defendants"), and Revelations Health Care Group, LLC ("Revelations") (collectively the Facility Defendants and Revelations are the "Defendants").

## NATURE OF ACTION

1.      This action arises out of Defendants' failure and refusal to pay PharMerica for pharmacy-related goods and services provided by PharMerica to residents at Facility Defendants' skilled nursing facilities (the "Facilities"),[1] which were operated, managed, and/or owned by Defendants.  Revelations has prevented the Facility Defendants from paying PharMerica for those pharmacy-related goods and services.

## THE PARTIES

2.      PharMerica is a California corporation with its principal place of business in Louisville, Kentucky.  For diversity purposes, PharMerica is a citizen of California and Kentucky. PharMerica provides pharmacy-related goods and services for residents of skilled nursing and other long-term care facilities.

3.      Revelations is a Texas limited liability company.  Revelations' members are Erich Wahl, Jr., an individual residing in Texas, and Donald Adair, an individual residing in Texas. Therefore, for diversity purposes, Revelations is a citizen of Texas. Revelations' registered agent is LegalCorp Solutions, LLC, 3 Greenway Plaza, Suite 1320, Houston, Texas 77046.

4.      Greenbrier is a Texas limited liability company.  Greenbrier's members are Erich Wahl, Jr., an individual residing in Texas, and Donald Adair, an individual residing in Texas. Therefore, for diversity purposes, Greenbrier is a citizen of Texas. Greenbrier's registered agent is Caleb Rawls, 19600 Copperoaks Drive, Tyler, Texas 75703.

---

[1] The Facilities are located at: 301 West Randol Mill Road, Arlington, TX 76011 ("Greenbrier Facility"), 405 Duncan Perry Road, Arlington, TX 76011 ("Arlington Facility"), 1112 Gibbons Road, Arlington, TX 76011 ("Heritage Oaks Facility"), and 2601 West Randol Mill Road, Arlington, TX 76012 ("Arlington Villa Facility").

2

ORIGINAL COMPLAINT

5.      Arlington is a Texas limited liability company.  Arlington's members are Erich Wahl, Jr., an individual residing in Texas, and Donald Adair, an individual residing in Texas. Therefore, for diversity purposes, Arlington is a citizen of Texas. Arlington's registered agent is Caleb Rawls, 19600 Copperoaks Drive, Tyler, Texas 75703.

6.      Heritage Oaks is a Texas limited liability company.  Heritage Oaks' members are Erich Wahl, Jr., an individual residing in Texas, and Donald Adair, an individual residing in Texas. Therefore, for diversity purposes, Heritage Oaks is a citizen of Texas. Heritage Oaks' registered agent is Caleb Rawls, 19600 Copperoaks Drive, Tyler, Texas 75703.

7.      Arlington Villa is a Texas limited liability company.  Arlington Villa's members are Erich Wahl, Jr., an individual residing in Texas, and Donald Adair, an individual residing in Texas.   Therefore, for diversity purposes, Arlington Villa is a citizen of Texas. Arlington Villa's registered agent is Caleb Rawls, 19600 Copperoaks Drive, Tyler, Texas 75703.

**JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 1367(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

9.      The Court has personal jurisdiction over all Defendants because they transact business in this state through the operation and management of the Facilities, the issues giving rise to this suit occurred in this state, and they contracted to perform a contract in this state.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all Defendants operate and conduct business in this judicial district and all Defendants are subject to this Court's personal jurisdiction.

ORIGINAL COMPLAINT

**STATEMENT OF FACTS**

**The Pharmacy Services Agreements**

11.     PharMerica is in the business of providing pharmacy goods and services to skilled nursing and other long-term care facilities.

12.     PharMerica entered into a series of Pharmacy Services Agreements (each a "PSA") with each Facility Defendant for PharMerica to provide pharmacy goods and services to the Facilities and their residents in exchange for payment by them.

13.     PharMerica entered into a PSA with Greenbrier effective November 1, 2020 (the "Greenbrier PSA").[2]

14.     PharMerica entered into a PSA and addendum with Arlington effective June 17, 2019 (the "Arlington PSA").[3]

15.     PharMerica entered into a PSA and addendum with Heritage Oaks effective September 27, 2019, as amended on December 1, 2019, (collectively the "Heritage Oaks PSA").[4]

16.     PharMerica entered into a PSA with Arlington Villa effective January 1, 2021 (the "Arlington Villa PSA") (collectively the Greenbrier PSA, the Arlington PSA, the Heritage Oaks PSA, and the Arlington Villa PSA are the "PSAs").[5]

17.     The PSAs provide in section 5(D)(1) that invoices are to be paid by the Facility Defendants within 120 days of the billing date.

---

[2] The Greenbrier PSA contains confidential information, including pricing information, and has not been attached. A copy can be provided to the Court under seal and to the Defendants upon request and the entry of a protective order.
[3] The Arlington PSA contains confidential information, including pricing information, and has not been attached. A copy can be provided to the Court under seal and to the Defendants upon request and the entry of a protective order.
[4] The Heritage Oaks PSA contains confidential information, including pricing information, and has not been attached. A copy can be provided to the Court under seal and to the Defendants upon request and the entry of a protective order.
[5] The Arlington Villa PSA contains confidential information, including pricing information, and has not been attached. A copy can be provided to the Court under seal and to the Defendants upon request and the entry of a protective order.

ORIGINAL COMPLAINT

18.     The PSAs also provide in section 5(D)(2) that any unpaid amounts bear interest at the monthly rate of 1.5%.

19.     The PSAs further provide in section 5(D)(2) that PharMerica shall be reimbursed for any and all costs and expenses incurred in collecting payment under the PSAs, including, but not limited to, reasonable attorneys' fees.

20.     PharMerica performed all obligations required of it under the PSAs, submitted monthly invoices, and otherwise satisfied all conditions precedent to payment.

21.     Facility Defendants failed to pay PharMerica's invoices as they became due and owing under the PSAs.

22.     At all times relevant, Revelations managed, controlled, and/or ultimately owned the Facility Defendants.

**Failure to Pay PharMerica**

23.     Despite PharMerica's billing, repeated demands for the sums due and owing, and conferences regarding amounts outstanding, and at the direction of Revelations, Facility Defendants have failed to pay for the goods and services provided by PharMerica in the principal amount of $475,383.53.  This amount is past due and exclusive of interest.

24.      Facility Defendants have been reimbursed by Medicare for all or a significant portion of the goods and services provided by PharMerica to the residents of the Facilities owned, operated, and/or managed by Defendants, and Defendants have directly or indirectly benefited from such reimbursement to the detriment of PharMerica.

25.     Facility Defendants have reported PharMerica's invoice charges as valid expenses to Medicare on each of their annual cost reports.

ORIGINAL COMPLAINT

26.     Facility Defendants have reported invoice charges as valid expenses to the Internal Revenue Service for the purpose of reducing the amount of adjusted gross income on which Facility Defendants, and ultimately its owners, must pay taxes.  As a result, Facility Defendants, and ultimately its owners, have paid or will pay lower taxes than they otherwise would have had to pay.

**COUNT I – BREACH OF CONTRACT**
**(FACILITY DEFENDANTS)**

27.     Except to the extent inconsistent with the relief requested in this Count, PharMerica incorporates by reference each and every allegation set forth above.

28.     Facility Defendants entered into valid and enforceable contracts, the PSAs, with PharMerica.

29.     PharMerica performed all conditions, covenants and promises on its part to be performed under the PSAs and otherwise agreed upon by the parties.

30.     Without legal justification or excuse, Facility Defendants materially breached the PSAs by failing to pay invoices as they became due.

31.     As a direct and proximate result of the breach of the PSAs, PharMerica has suffered damages in that it has not been paid for pharmacy-related goods and services it provided.

32.     Interest is accruing on the unpaid balance of invoices pursuant to the PSAs and the law.

**COUNT II – UNJUST ENRICHMENT/CONSTRUCTIVE TRUST**
**(FACILITY DEFENDANTS)**

33.     Except to the extent inconsistent with the relief requested in this Count, PharMerica incorporates by reference each and every allegation set forth above.

6

ORIGINAL COMPLAINT

34.     PharMerica conferred a benefit on Facility Defendants by providing them with valuable pharmacy-related goods and services.

35.     Facility Defendants have not paid PharMerica for those pharmacy-related goods and services.

36.     PharMerica's pharmacy-related goods and services were provided under circumstances pursuant to which Facility Defendants knew, or reasonably should have known, that PharMerica would expect to be compensated.

37.     Facility Defendants wrongfully and intentionally withheld payments due to PharMerica for the pharmacy-related goods and services provided by PharMerica.

38.     Consequently, Facility Defendants have been unjustly enriched through the receipt of such pharmacy-related goods and services and at the expense of PharMerica.

39.     Facility Defendants have knowingly and willingly received, or will receive, reimbursement from Medicare for pharmacy-related goods and services provided by PharMerica.

40.     Facility Defendants have a legal duty to immediately remit to PharMerica proceeds received in reimbursement from Medicare if they have not timely paid invoices as required by the PSAs.

41.     Facility Defendants have a fiduciary duty to immediate remit to PharMerica proceeds received in reimbursement from Medicare for pharmacy-related goods and services provided by PharMerica.

42.     By withholding payment from PharMerica for pharmacy-related goods and services for which Facility Defendants have received reimbursement from Medicare, Facility Defendants have been unjustly enriched.

ORIGINAL COMPLAINT

43.     It is against equity and good conscience to permit Facility Defendants to retain the Medicare reimbursements without paying for pharmacy-related goods and services provided by PharMerica for which such reimbursements were made.

44.     For these reasons, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by Facility Defendants as reimbursement by Medicare for pharmacy-related goods and services provided by PharMerica.

45.     PharMerica is entitled to recover damages from Facility Defendants in an amount to be proven at trial.

## COUNT III – PROMISSORY ESTOPPEL
### (ALL DEFENDANTS)

46.     Except to the extent inconsistent with the relief requested in this Count, PharMerica incorporates by reference each and every allegation set forth above.

47.     Defendants promised to pay PharMerica for the pharmacy-related goods and services that PharMerica promised to provide.

48.     PharMerica reasonably relied on Defendants' promise to pay when it delivered pharmacy-related goods and services.

49.     Defendants also represented to PharMerica that they would pay outstanding invoices for the pharmacy-related goods and services already provided by PharMerica.

50.     PharMerica reasonably relied upon these representations of payment when it continued to provide pharmacy-related goods and services to Defendants for the residents of the Facilities.

51.     PharMerica was injured by its reliance on Defendants' promises in that PharMerica has not been paid for the goods and services it provided.

8

52.    Injustice can be avoided only by the enforcement of Defendants' representations and promises.

53.    PharMerica is entitled to recover damages from Defendants in an amount to be proven at trial.

### COUNT IV – ATTORNEYS' FEES
### (ALL DEFENDANTS)

54.    Except to the extent inconsistent with the relief requested in this Count, PharMerica incorporates by reference each and every allegation set forth above.

55.    PharMerica is entitled to recover its attorneys' fees and costs of collection from Defendants pursuant to the PSAs and TEX. CIV. PRAC. & REM. CODE ANN. § 38.001, *et seq.*, as well as any fees incurred on appeal of this matter.

56.    As a result of Facility Defendants' failure to pay and failure to reimburse PharMerica for amounts received from Medicare, PharMerica has incurred attorneys' fees and other costs in preparing and filing this action, all of which are the responsibility of Facility Defendants.

57.    PharMerica is likely to incur substantial additional attorneys' fees as this case is litigated and prepared for trial, which shall also be the responsibility of Defendants.

58.    PharMerica is entitled to recover its attorneys' fees and costs in an amount to be proven at trial.

### COUNT V – TORTIOUS INTERFERENCE
### (REVELATIONS)

59.    Except to the extent inconsistent with the relief requested in this Count, PharMerica incorporates by reference each and every allegation set forth above.

9

ORIGINAL COMPLAINT

60.     PharMerica and the Facility Defendants entered into PSAs wherein PharMerica agreed to provide pharmacy goods and services to the residents of the Facilities, and the Facility Defendants agreed to pay PharMerica in accordance with the terms of the PSAs.

61.     The PSAs are valid and enforceable contracts.

62.     At all times relevant, Revelations was aware of the PSAs and the obligations of the Facility Defendants pursuant to the PSAs.

63.     Without justification or excuse, and for its own benefit and to the detriment of the Facility Defendants, Revelations intentionally caused the Facility Defendants to breach the PSAs by causing or directing them to not pay PharMerica, which was in violation of the PSAs.

64.     As a result of Revelations' tortious interference with the PSAs, PharMerica has suffered damages, including, but not limited to, the amounts due and owing under the agreements, interest, and attorneys' fees.

65.     PharMerica is entitled to recover from Revelations in an amount to be proven at trial.

ORIGINAL COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, PharMerica requests judgment against Defendants as follows:

A.    An award of damages in an amount to be proven at trial;

B.    Pre-judgment and post-judgment interest as permitted by the PSAs and law;

C.    The imposition of a constructive trust on sums received by Facility Defendants as Medicare reimbursement for pharmacy-related goods and services provided by PharMerica and not paid for by Defendants;

D.    PharMerica's costs and attorneys' fees; and

E.    All other relief to which PharMerica may be entitled.

Respectfully submitted,

*/s/ Gregory M. Sudbury*
Gregory M. Sudbury
Texas Bar No. 24033367
QUILLING, SELANDER, LOWNDS,
    WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Main)
(214) 871-2111 (Fax)
gsudbury@qslwm.com

-and-

Jennifer M. Stinnett (*to seek admission pro hac vice*)
FULTZ MADDOX DICKENS PLC
101 South Fifth Street, 27th Floor
Louisville, Kentucky 40202
(502) 588-2000
Fax: (502) 588-2020
jstinnett@fmdlegal.com

11

ORIGINAL COMPLAINT